UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) No. 17 C 7097 |
| v. | )<br>) |
| | ) Judge Sara L. Ellis |
| DEREK M. SHELTON, and GUARDIAN AD LITEM FOR MINOR CHILDREN, SMW, CMS, and CS | )<br>)<br>)<br>) |
| Defendants, | )<br>)<br>) |

# OPINION AND ORDER

Derek Shelton moves for summary judgment with respect to Banner Life Insurance Company's ("Banner") complaint in interpleader, seeking the payment of Romana Rene Shelton's, Shelton's deceased wife, ("Romana") life insurance policy as the primary beneficiary. Because the Cook County Sheriff's Police Department's ("CCSPD") investigation is ongoing and the CCSPD has not explicitly ruled Shelton out as a person of interest in Romana's homicide, the Court denies Shelton's motion for summary judgment without prejudice to his right to refile at the appropriate time.

## BACKGROUND[1]

On April 6, 2017, Romana died of multiple gunshot wounds in South Holland, Illinois. The medical examiner determined that the manner of Romana's death was a homicide. The

---

[1] The facts set forth in this section are derived from the statements of fact submitted by the parties to the extent they comport with Local Rule 56.1. They are taken in the light most favorable to the minor children, the non-movants. The Court has considered the parties' additional statements of fact and supporting exhibits and included in this background section only those portions of the statements and responses that are appropriately presented, supported, and relevant to resolution of the pending motion for summary judgment.

CCSPD began its investigation. Since then, the CCSPD has not charged anyone with a crime in connection with Romana's death. The CCSPD has not identified or advised Shelton that he is a person of interest, target, or implicated in the death of Romana. Shelton has cooperated in the investigation, been interviewed, provided alibi witnesses, provided documents, and voluntarily took a polygraph test. The investigation, however, remains open and ongoing.

At the time of her death, Romana had a life insurance policy issued by Banner with a face value death benefit of one million dollars. Romana designated Shelton as the primary beneficiary and CMW, CMS, and CS, her children, as contingent beneficiaries.

Once Romana died, her insurance benefits under Banner's policy became payable. In June 2017, Shelton notified Banner of Romana's death, and filed the claim forms that Banner had requested. On October 2, 2017, Banner filed this interpleader action stating that Romana designated her husband, Shelton, as the primary beneficiary and that Banner had received a claim from Shelton for payment of the policy proceeds. Banner asserted that it could not pay the proceeds to Shelton because Romana's homicide case remained open at the time.

On January 23, 2018, following Banner's motion, the Court appointed a Guardian Ad Litem ("GAL") on behalf of the contingent beneficiaries of the policy, Romana's minor children. In May 2018, the Court discharged Banner from liability, leaving Shelton and the GAL to litigate their entitlement to the funds that Banner has deposited with the Court.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and

affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## ANALYSIS

Shelton argues that he is entitled to the policy proceeds because he is the sole primary beneficiary of the policy and the only person who has asserted a claim to the funds. Citing the Illinois Probate Act of 1975 ("Slayer Statute"), which states in pertinent part, "[a] person who intentionally and unjustifiably causes the death of another shall not receive any property, benefit or other interest by reason of the death, whether as heir, legatee, [or] beneficiary," 755 Ill. Comp. Stat. 5/2-6, and the fact that the CCSPD has not closed their investigation, the GAL objects to Shelton receiving the policy proceeds at this time.

"In a proceeding to determine the respective rights of claimants to property deposited by the stakeholder in an interpleader action, the burden of proof rests with each claimant to establish his entitlement to the property." *Eskridge v. Farmers New World Life Ins. Co.*, 621 N.E.2d 164, 168, 250 Ill. App. 3d 603, 190 Ill. Dec. 295 (1993). "To prevent a beneficiary from taking under the Slayer Statute, a party must prove the decedent was intentionally and unjustifiably killed by

the beneficiary." *Dougherty v. Cole*, 934 N.E.2d 16, 20–21, 401 Ill. App. 3d 341, 343 Ill. Dec. 16 (2010). "[C]riminal conduct charged in a civil proceeding need only be proved by a preponderance of the evidence rather than beyond a reasonable doubt." *Matter of Estate of Hook*, 566 N.E.2d 759, 767, 207 Ill. App. 3d 1015, 152 Ill. Dec. 882 (1991).

The parties agree that Romana has died, and that she named Shelton as the primary beneficiary on her life insurance policy. Therefore, Shelton "sustained his burden of establishing a right to the insurance proceeds," and it becomes the burden of the objector to establish "a greater right thereto or, as in this case, some affirmative matter defeating plaintiff's claim." *Eskridge*, 621 N.E.2d at 168–69. To defeat Shelton's claim with the Slayer Statute, the GAL must show that Shelton intentionally and unjustifiably caused the death of Decedent by a preponderance of the evidence. *Hook*, 566 N.E.2d at 767. The mere fact that the homicide investigation remains open does not satisfy that burden; however, the Court acknowledges that because the investigation remains open and ongoing, the GAL does not have access to any evidence that might help satisfy that burden. *See* Doc. 53 at 4 ("Due to the nature of their investigation, the Cook County Sheriff's Police Department will not divulge any further information as to their ongoing investigation. Consequently, [the GAL] is unable to include supporting materials and additional facts to justify her opposition for the Motion for Summary Judgment.").

Because of this continuing investigation, Shelton's argument that he is entitled to the proceeds at this time and his reliance on *In re Thompson's Estate* are misplaced; the Illinois Appellate Court in that case simply held that the insurance company did not necessarily act in bad faith by paying the life insurance proceeds to Thompson's widow even when the company "knew the police strongly suspected her complicity in [Thompson]'s death." 426 N.E.2d 1, 2, 99

Ill. App. 3d 303, 55 Ill. Dec. 217 (1981). Though this Court agrees that "the suspicion of police officers is not, by itself, sufficient to defeat a beneficiary's claim to insurance money," the court in that case had to determine whether the insurance company acted in good or bad faith after the proceeds had already been paid, whereas this Court is charged with the more prudent task of determining the proper distribution of the proceeds. *Id.* at 2–3. Because the investigation is still open and ongoing, the Court likens this motion to "the filing of a summary judgment motion in advance of any discovery," and denies this motion without prejudice to Shelton's right to refile at the appropriate time. *Allstate Life Ins. Co. v. Ellet*, No. 2:14cv372, 2015 WL 500171, at *4 (E.D. Va. Feb. 4, 2015) (denying summary judgment motion without prejudice where undeveloped record showed genuine issue of material fact regarding whether movant should or should not be considered a "slayer" under Virginia Slayer Statute).

In doing so, the Court does not put the burden on Shelton to prove his innocence. *See In re Buehnemann's Estate*, 324 N.E.2d 97, 99, 25 Ill. App. 3d 1003 (1975) ("Appellant asks us to apply the 'clean hands' doctrine, to hold that one under suspicion of foul play should be forced to litigate his innocence or guilt in the probate court. This we cannot do."). In fact, the Court notes that the parties agree "that Shelton has fully cooperated in the investigation into the death of [Decedent], has been interviewed by the investigating authorities, has voluntarily taken a polygraph examination, and provided alibi witnesses, supplied information and documentation as requested." Doc. 53 at 3.

Nonetheless, without any more information before the Court than what has been detailed here, "the Court cannot as a matter of law award the proceeds to" Shelton. *United Inv'r Life Ins. Co. v. Grant*, No. 2:05-1716, 2006 WL 2308286, at *2 (E.D. Cal. Aug. 9, 2006) ("The existence of other potential claimants, combined with the circumstances of the case, creates enough factual

uncertainty that the Court cannot as a matter of law award the proceeds to Donna. Even though no other claims have been made on the insurance proceeds, that could change if it is found that Donna was involved in the murder of George. Although there is no evidence before the Court implicating Donna in George's murder, the case investigators have not 'cleared her as a suspect.'"). Until some of the factual uncertainties in this case, which mostly revolve around Shelton's status in the CCSPD's investigation, are resolved, this Court cannot grant Shelton's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court denies Shelton's motion for summary judgment [44].

Dated: August 12, 2019

_____
SARA L. ELLIS
United States District Judge